## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| **DENISON KAPLLANI,**<br><br>         **Plaintiff,**<br><br>    **-against-**<br><br>**ANDREW C. METCALF d/b/a JUDGMENT ACQUISITIONS UNLIMITED, CHAMPION FUNDING, INC., MASSACHUSETTS CONSTABLE INC., d/b/a MASSACHUSETTS CONSTABLES OFFICE and BRIAN ABELLI,**<br><br>         **Defendants.** | **Civil Case Number:**<br><br>**<u>CIVIL ACTION</u>**<br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Denison Kapllani. ("Plaintiff"), brings this Complaint by and through the undersigned attorneys, Rights Protection Law Group, PLLC, Shuffler, LLC, and Marcus & Zelman, against Defendant Andrew C. Metcalf d/b/a Judgment Acquisitions Unlimited, Champion Funding, Inc., Massachusetts Constable Inc., d/b/a Massachusetts Constables Office and Brian Abelli (hereinafter "Defendants").

## <u>JURISDICTION AND VENUE</u>

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## <u>NATURE OF THE ACTION</u>

3. Plaintiff brings this action after the Defendants committed a series of blatantly illegal acts while trying to collect on a judgment debt supposedly owed by his mother.  In this case,

the Defendants first tried to enforce a judgment obtained against Plaintiff's mother by seizing a vehicle belonging to the Plaintiff, which his mother is a secondary owner on.

4.  After being immediately alerted that they had seized the Plaintiff's vehicle, the Defendants then attempted to have Plaintiff pay thousands of dollars to settle his mother's debt, before his car would be returned.

5.  Throughout this process, Defendants have wielded the judgment enforcement procedures of Massachusetts law in an unlawfully coercive manner – seizing a vehicle owned by the Plaintiff in order to satisfy his mother's debt, and then holding onto that vehicle for nearly a full year, rather than actually attempting to sell that vehicle in order to satisfy the debt so that any surplus can be returned to the Plaintiff, as required by M.G.L. ch. 235, § 36.

6.  The Plaintiff should never have been put through any of this, particularly when considering that **his vehicle could never have been used to satisfy any portion of the judgment debt being collected by Defendants - the Plaintiff owes far more on the car loan than the vehicle is actually worth, meaning that the only person who would ever recover any proceeds from any sale is the Plaintiff's <u>auto lender</u>, whose loan is secured by the vehicle.** Seizing a vehicle from someone who co-owns that vehicle with a judgment debtor is not a reasonable collection tactic when that vehicle could never possibly satisfy any aspect of the debt for which it is being seized.

7.  As a result of the Defendants' actions, the Plaintiff's credit was destroyed. First, because the Defendant took his vehicle and – instead of selling that vehicle, and using the proceeds to pay off the secured lender on that vehicle – held that vehicle for nearly a year; and second, because Plaintiff's auto lender subsequently charged-off the account, all because of the Defendants' actions.

8.  The law does not permit judgment executions and property seizures to be used "as an instrument of persuasion rather than a means of satisfaction." *Koonce v. Aldo Realty Tr.*, 8 Mass. App. Ct. 199, 201, 392 N.E.2d 549, 551 (1979)(finding a violation of Chapter 93A where the constable seized items to satisfy a judgment but never actually sold them at a public auction to satisfy the judgment, because "it was the duty of the constable, once the execution was placed in his hands, to remove all the plaintiff's possessions, to sell in the statutory manner (fourteen days after seizure) such of them as were necessary to satisfy the execution, and to make all the rest of the plaintiff's possessions available to her").

9.  Finally, the Plaintiff also bring claims against each of the Defendants for violating the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692, and for Conversion.

10. Plaintiff seeks statutory damages, actual damages, compensatory damages, punitive damages, as well as attorneys fees and costs.

## **PARTIES**

11. Plaintiff Denison Kapllani ("Plaintiff") is a natural person and a resident of Boston, Massachusetts and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

12. Defendant, Andrew C. Metcalf ("Metcalf") is a natural person residing in Avon, Massachusetts, who does business as Judgement Acquisitions Unlimited ("JAU"), a collection agency specializing in the collection of old judgments on behalf of debt buyers.

13. Upon information and belief, Defendant Metcalf uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of judgments and debts owed to another.

14. Defendant Metcalf is a "debt collector" as that term is used and defined by 15 U.S.C. §1692(a)(6).

15. Upon information and belief, Defendant JAU is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of judgments and debts owed to another.

16. Defendant JAU is a "debt collector" as that term is used and defined by 15 U.S.C. §1692(a)(6).

17. Defendant Champion Funding, Inc. ("Champion") is a corporation incorporated in the State of Massachusetts, with its principal place of business located at 7 May Avenue in Avon, Massachusetts.

18. According to its Articles of Incorporation and Annual Report, Champion is a purchaser of charged-off debt portfolios.

19. Like Defendant JAU, Defendant Champion is wholly owned by Defendant Metcalf, who is listed as the President, Treasurer, Secretary and Director of that corporation on the Massachusetts Secretary of State's website.

20. Upon information and belief, Defendant Champion is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the purchase and collection of defaulted judgments and debts to be collected.

21. Defendant Champion is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

22. Defendant, Massachusetts Constable Inc., is a corporation incorporated in the State of Massachusetts which does business as the Massachusetts Constables Office ("MCO").

23. Upon information and belief, Defendant MCO is an organization of constables that regularly collects, or attempts to collect, debts and judgments owed or due to third parties through property seizures and executions on judgments.

24. Defendant MCO is a "debt collector" as that term is used and defined by 15 U.S.C. §1692(a)(6).

25. Defendant Brian Abelli ("Abelli") is a natural person residing in Sandwich, Massachusetts, who markets himself as a Massachusetts Constable and the Director/Chief of the MCO.

26. Abelli is being sued both in his official and individual capacity.

27. Upon information and belief, Abelli regularly collects, or attempts to collect, debts and judgments owed or due to third parties through property seizures and executions on judgments.

28. Defendant Abelli is a "debt collector" as that term is used and defined by 15 U.S.C. §1692(a)(6).

29. At all times relevant hereto Abelli and the MCO acted in concert with the other Defendants and under color of state law.

## ALLEGATIONS OF FACT

30. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

31. At some point in 2012, a default judgment was obtained by Sterling Jewelers against the Plaintiff's mother, based on credit card debt incurred by Plaintiff's mother on a Kay's Jewelers credit card[1].

32. Plaintiff's mother solely opened and used the Kay's credit card for personal and household purchases, and did not open or use the Kay's credit card for any business purpose.

33. The Sterling Jewelers debt and resultant judgment obtained by Sterling is a 'debt', as that term is used and defined by 15 U.S.C. § 1692a(5).

---

[1] Sterling Jewelers is the parent company of Kay Jewelers.

34. Champion Funding subsequently purchased this judgment debt from Sterling Jewelers.

35. Plaintiff has nothing to do with this Sterling Jewelers debt, or with the resultant judgment obtained thereon.

36. At some point, Defendant Champion hired Defendant Metcalf and his d/b/a, Judgement Acquisitions Unlimited, to collect this 2012 judgment.

37. Upon information and belief, Champion, Metcalf and JAU then sought out the services of the MCO and Abelli to execute on this 2012 judgment.

38. At the request of Champion, Metcalf, and JAU, the MCO and Abelli then proceeded to collect on this 2012 judgment by directing a tow company to seize the Plaintiff's vehicle.

39. Plaintiff owns a 2018 Kia Optima, which he had purchased in June 2022 with a loan from Ally Financial in excess of $31,000.  The loan is secured by the Plaintiff's vehicle.

40. On February 7, 2022, at approximately 9:00 a.m., the Plaintiff came out of his home only to discover that his vehicle was missing from his parking spot at his home.

41. The Plaintiff then contacted the police, who informed him that the Defendants had seized his vehicle.

42. The Plaintiff then contacted Mr. Metcalf, and advised him that his vehicle had been taken in order to satisfy the judgment owed by Plaintiff's mother.  Mr. Metcalf advised the Plaintiff that he would need to pay thousands of dollars in order to have his vehicle released.

43. The Plaintiff advised Mr. Metcalf that this was his vehicle, and that it couldn't possibly be used to satisfy a judgment, as he owed far more money to Ally on the car loan than the vehicle was worth.

44. The Plaintiff then contacted his auto lender, which advised him that the Defendants would

have to contact them if they were planning to sell the vehicle.

45. The Plaintiff subsequently contacted Mr. Metcalf again, and asked if he would be paying off the auto lender.

46. After getting nowhere, the Plaintiff again reached out to Mr. Metcalf at the end of March 2022, to again ask how this situation would be resolved.

47. During all this time, the Plaintiff has had to make the payments to Ally so that his credit would not be destroyed, even though he no longer has the vehicle.

48. Ally nevertheless then charged off the loan in August 2022, apparently due to the Defendants' seizure of that vehicle, reporting that charge-off on the Plaintiff's credit report.

49. To this date, nearly a full year after the seizure of the vehicle, the Defendants have not sold the vehicle or otherwise used it to satisfy the judgment debt.

## <u>COUNT I</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f.**
**(Against All Defendants)**

50. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

52. Defendants had no right to seize the Plaintiff's vehicle for coercive debt collection purposes, or to try to collect money from the Plaintiff for his mother's debt.

53. Instead, Defendants were not permitted to seize that vehicle and – even if they were – could not hold that vehicle as a coercive means to collect a debt.

54. Instead, if a vehicle or other asset is seized to satisfy a judgment debt, that asset has to be

sold within 14 days, so that the proceeds can be applied as necessary – here, to pay off the secured creditor (Ally), then to satisfy the judgment debt (which could never have happened in this case), and then to return any excess funds to the Plaintiff.

55. Defendants did none of this.  Instead, Defendants simply seized the Plaintiff's vehicle, and then held onto that vehicle for the past year in an effort to extort money from the Plaintiff, who meanwhile had to continue paying his auto lender so that his credit wasn't destroyed, even though he had no ability to use the vehicle.

56. As a result, the Defendants engaged in unfair and unconscionable means to collect a debt, in violation of Section 1692f of the FDCPA.

57. By violating Section 1692f of the FDCPA, Defendants harmed Plaintiff, by first seizing and holding his vehicle for months on end, by trying to extort Plaintiff to settle his mother's debt just to get his car back, by unlawfully using the judgment enforcement process as a coercive means of debt collection instead of a means of satisfying the judgment, by subjecting the Plaintiff to improper and deceptive collection activity, in causing the Plaintiff's credit to be destroyed, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and by being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

58. Defendants' illegal activity also harmed Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, and by taking up the Plaintiff's time to address this disruption to his life.

59. By reason thereof, Defendants Champion, Metcalf, Judgment Acquisitions, MCO and Abelli are liable to Plaintiff, for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692d *et seq.***
**(Against All Defendants)**

60. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. Section 1692d of the FDCPA provides that "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

62. As set forth above, the Defendants engaged in a pattern of oppressive and abusive conduct towards Junior.

63. To wit, Defendants (a) first seized Plaintiff's vehicle while trying to collect on his mother's debt, then (b) refused to return Plaintiff's vehicle unless he paid them thousands of dollars, and (c) used the seizure of Plaintiff's vehicle as a coercive means of debt collection rather than a legitimate means of satisfying a judgment debt, thereby forcing Plaintiff to continue making payments on a car he no longer has, and ultimately causing Plaintiff's credit to be destroyed.

64. This conduct was clearly harassing, oppressive and abusive, in violation of 15 USC § 1692d.

65. Defendants violation of 15 USC § 1692d harmed Plaintiff by seizing and holding his vehicle for months on end, by trying to extort Plaintiff to settle his mother's debt just to get his car back, by unlawfully using the judgment enforcement process as a coercive means of debt collection instead of a means of satisfying the judgment, by forcing the Plaintiff to continue paying on a car loan for a car he could not use, by causing Plaintiff's credit to be

destroyed, by subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and by being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

66. Defendants' illegal activity also harmed Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, and by taking up the Plaintiff's time to address this disruption to his life.

67. By reason thereof, Defendants Champion, Metcalf, Judgment Acquisitions, MCO and Abelli are liable to Plaintiff, for judgment that Defendants' conduct violated 15 USC §1692d, statutory damages, actual damages, costs and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***
**(Against All Defendants)**

68. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

69. Section 1692e of the FDCPA provides that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

70. Section 1692e(4) of the FDCPA then prohibits "The representation or implication that nonpayment of any debt will result in the…..the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action."

71. Section 1692e(5) of the FDCPA prohibits "the threat to take any action that cannot legally

be taken or that is not intended to be taken."

72. Section 1692e(10) of the FDCPA prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

73. Section 1692e(11) of the FDCPA requires debt collectors to (a) disclose in their initial communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and to (b) disclose in subsequent communications that the communication is from a debt collector.

74. As set forth above, the Defendants violated each one of these provisions.

75. Defendants violated 1692e and 1692e(10) by wrongfully seizing Plaintiff's vehicle, claiming that they had the right to do so, trying to extort settlement money from Plaintiff in order to get his car back, by telling Plaintiff that he was a liar and that the vehicle wasn't his when Plaintiff advised them that he owned the Kia, and by using the judgment enforcement process as a coercive means of debt collection rather than a genuine effort to satisfy the judgment.

76. Defendant violated 1692e(4) and 1692e(5) by illegally seizing Plaintiff's vehicle and holding that vehicle unless Junior paid thousands of dollars towards the judgment obtained against Plaintiff's mother in 2012, and by threatening to sell that vehicle even though they had no intention of ever doing so.

77. Defendant violated 1692e(11) by failing to state on each communication with the Plaintiff that the Defendant was a debt collector.

78. Defendants violation of 15 USC § 1692e, e(4), e(5), e(10) and e(11) harmed Plaintiff by seizing and holding his vehicle for months on end, by trying to extort Plaintiff to settle his

mother's debt just to get his car back, by unlawfully using the judgment enforcement process as a coercive means of debt collection instead of a means of satisfying the judgment, by forcing the Plaintiff to continue paying on a car loan for a car he could not use, by causing the Plaintiff's credit to be destroyed, by subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and by being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

79. Defendants' illegal activity also harmed Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, and by taking up the Plaintiff's time to address this disruption to his life.

80. By reason thereof, Defendants Champion, Metcalf, Judgment Acquisitions, MCO and Abelli are liable to Plaintiff, for judgment that Defendants' conduct violated 15 USC §1692e, statutory damages, actual damages, costs and attorneys' fees.

## <u>COUNT IV</u>

### VIOLATIONS OF MGL CHAPTER 93 and 93A
### (Against All Defendants)

81. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

82. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the Massachusetts General Law, including but not limited to MGL, Part I, Title XV, Chapter 93, Section 49.

83. Pursuant to MGL, Part I, Title XV, Chapter 93, Section 49, "no one who is a creditor…. or an assignee of a creditor, of a natural person present or residing in Massachusetts who has incurred a debt primarily for personal, family or household purposes shall collect or attempt

to collect such debt in an unfair, deceptive or unreasonable manner."

84. 940 Mass. Code Regs. 7.07 provides that "It shall constitute an unfair or deceptive act or

practice to engage in any of the following practices to collect or attempt to collect any debt:

- Section 7.07(8): Any false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt or to obtain information concerning a debtor.

- Section 7.07(10): Any false or misleading representation or implication that the debtor committed any crime or other conduct in order to disgrace the debtor.

- Section 7.07(16): The collection of any amount (including interest, fees, charges or expenses incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

- Section 7.07(18): Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if:
  (a) there is no present right to possession of the property claimed as collateral through a court order or an enforceable security interest;
  (d)  the property is exempt by law from such dispossession or disablement;

- Section 7.07(19): Taking possession of or selling upon execution property that is exempt from seizure on execution.

85. Defendants violated Section 49 and these provisions of 940 Mass. Code Regs. 7.07 by

wrongfully seizing Plaintiff's vehicle, claiming that they had the right to do so, trying to

extort settlement money from Plaintiff in order to get his car back, by telling Plaintiff that

he was a liar and that the vehicle wasn't his when Plaintiff advised them that he owned the

Kia, and by using the judgment enforcement process as a coercive means of debt collection

rather than a genuine effort to satisfy the judgment.

86. Section 49 provides that "Failure to comply with the provisions of this section shall

constitute an unfair or deceptive act or practice under the provisions of chapter ninety-three

A."

87. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct

violated MGL, Part I, Title XV, Chapter 93, Section 49 and MGL, Part I, Title XV, Chapter 93A, along with statutory damages, actual damages, punitive damages, costs and attorneys' fees.

88. Defendants have each refused to make a reasonable offer to compensate the Plaintiff for Defendants' actions alleged herein.

**COUNT V**

**CONVERSION**
**(Against All Defendants)**

89. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

90. As set forth above, each of the Defendants wrongfully seized Plaintiff's vehicle in order to try to execute on a judgment owed by Plaintiff.

91. The Defendants then held the Plaintiff's vehicle for nearly a full year, without any genuine intent to sell that vehicle as part of a legitimate attempt to satisfy a judgment debt.

92. Defendants' conversion of Plaintiff's vehicle harmed Plaintiff, by depriving him of the use of his vehicle for nearly a year, while causing him to have to make his monthly car loan payments on a vehicle he cannot use, and ultimately resulting in Ally charging off the car loan, thereby destroying the Plaintiff's credit.

93. Defendants' illegal activity also harmed Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, and by taking up Plaintiff's time to address this disruption to his life.

94. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Plaintiff's vehicle, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

95. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     awarding Plaintiff his actual damages incurred;

(b)     awarding Plaintiff compensatory damages;

(c)     awarding Plaintiff punitive damages;

(d)     awarding tripling of actual damages pursuant to M.G.L. c. 93A, § 9;

(e)     awarding Plaintiff statutory damages, along with the attorneys' fees and

expenses incurred in bringing this action;

(c)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding the Plaintiff such other and further relief as this Court

may deem just and proper.


Dated: January 16, 2023                    By: /s/ Kevin Crick
                                           Kevin Crick, Esq.
                                           BBO:  680950
                                           Rights Protection Law Group, PLLC
                                           100 Cambridge St., Suite 1400
                                           Boston, MA 02114
                                           Phone: (617) 340-9225
                                           Fax: (888) 622-3715
                                           k.crick@rightsprotect.com
                                           *Attorney for Plaintiff*


                                           /s/ Emmanuel Mukendi
                                           Emmanuel Mukendi, Esq.
                                           SHUFFLER, LLC
                                           BBO: 685863
                                           58 Walnut Street, Suite 4

Somerville, MA 02143
Phone: (617) 645-1997
Email: emukendi333@gmail.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
***Pro Hac Vice To Be Filed***